UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROSEMARY WILLIAMS,**

      **Plaintiff,**

                                       Case No. 03-73682

v.

                                       HONORABLE DENISE PAGE HOOD

**D. PRINCE,**

      **Defendant.**

_____/

**MEMORANDUM OPINION & ORDER REJECTING
REPORT & RECOMMENDATION AND DENYING DEFENDANT'S
MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT**

**I.     INTRODUCTION**

Plaintiff Rosemary Williams filed the instant *pro se* civil rights complaint alleging violations of her constitutional rights, pursuant to 42 U.S.C. § 1983. Defendant Prince is a Correctional Officer working at the Scott Correctional Facility ("SCF") in Plymouth, Michigan. Plaintiff is housed at the SCF, and she seeks monetary damages as well as declaratory and injunctive relief.

This matter is before the Court on Magistrate Judge Mona K. Majzoub's Report and Recommendation, filed March 27, 2005. Plaintiff filed an Objection on April 4, 2005. The Magistrate Judge concluded that Plaintiff has not demonstrated any genuine issues of material fact with respect to her Complaint, and recommended that this Court grant Defendant's Motion for Summary Judgment.

**II.     STATEMENT OF FACTS**

Plaintiff alleges Defendant Prince has repeatedly harassed and intimidated her both mentally and physically. Plaintiff further alleges that Defendant Prince arranged for other inmates to

physically assault Plaintiff. Based on these allegations, Plaintiff filed a grievance against Defendant Prince. Plaintiff alleges she received major misconduct tickets as retaliation for her grievance.

On June 9, 2004, this Court entered an Opinion and Order of Partial Dismissal and Order Directing Service Upon the Remaining Defendant. In the June 9, 2004 Order, the Court held as follows: (1) Plaintiff's request for the expungement of her major misconduct tickets from her prison file and the restoration of her disciplinary credits can only be brought in a petition for writ of habeas corpus; (2) Plaintiff failed to state a claim against all of the original Defendants who had been served with the Complaint; (3) ordered Plaintiff to serve Defendant Prince with the Complaint; and (4) dismissed the remaining Defendants.

For the reasons set forth below, the Court rejects the Magistrate Judge's Report and Recommendation and denies Defendant's Motion to Dismiss and/or for Summary Judgment.

### III. STANDARD OF REVIEW

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

In order to have preserved her right to appeal the Magistrate Judge's recommendation, Plaintiff was obligated to file objections to the Report and Recommendation within ten days of service of a copy, as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections may constitute a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991);

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

### III.    APPLICABLE LAW & ANALYSIS

In recommending Plaintiff's Eighth Amendment claims be dismissed, the Magistrate Judge concluded no genuine issues remain as to Defendant's alleged involvement in planning an assault by other inmates against Plaintiff. (Rep. and Recommendation at 6–7.) Addressing Plaintiff's conspiracy claim, the Magistrate Judge concluded that Plaintiff has not offered evidence other than her own conclusory statements in support thereof. (Id. at 9.) With respect to Plaintiff's retaliation claim, the Magistrate Judge recommended that it too be dismissed for the lack of a genuine issue of material fact. (Id. at 10.)

Defendant's Motion is one for dismissal for failure to state a claim or, in the alternative, summary judgment. Defendant also moves for dismissal based on qualified immunity.

#### A.    Failure to State a Claim

The Court addresses the failure to state a claim aspect of Defendant's Motion first. In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in the light most favorable to the Plaintiff, accept all of the complaint's factual allegations as true, and determine whether the Plaintiff undoubtedly can prove no set of facts in support of her claims that would entitle him to relief. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001).

Plaintiff asserts three claims in her Complaint: (1) cruel and unusual punishment; (2) conspiracy; and (3) retaliation. The Eighth Amendment prohibits the wanton infliction of pain and guards against intolerable prison confinement. *Whitely v. Albers*, 475 U.S. 312, 327 (1986). In addition, the Eighth Amendment condemns behavior that is "barbarous" or contravening of society's

"evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345 (1981). In instances where assault is alleged, a plaintiff must establish actual knowledge on the part of the defendant of a specific threat of harm, or participation in the injurious activity. *Marsh v. Arn*, 937 F.2d 1056 (6th Cir. 1991). It is clear in this instance that Plaintiff alleges sufficient facts to make out an Eighth Amendment claim. Accepting all of Plaintiff's factual allegations as true creates a viable cruel and unusual punishment clause violation.

Examining Plaintiff's conspiracy claim leads to the same result. While vague and conclusory allegations of conspiracy without specific facts are insufficient to state a claim for conspiracy, *see Vaden v. Vill. of Maywood*, 809 F.2d 361, 366 (7th Cir. 1987), Plaintiff has alleged enough to survive a motion to dismiss. The alleged meeting between Defendant and Plaintiff's two assailants, and the statements allegedly made by Defendant to those individuals, if proven, demonstrate the propriety of Plaintiff's conspiracy claim.

Finally, Plaintiff asserts Defendant retaliated against her because Plaintiff complained of Defendant's abusive language and behavior towards other prisoners. Retaliation claimants must show the following three elements: (1) the plaintiff was engaged in protected conduct; (2) an adverse action was taken against her; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Assuming Plaintiff engaged in protected conduct, she fails to set forth an adequate adverse action. The Michigan Department of Corrections found Plaintiff guilty of fighting, thereby justifying Plaintiff's receipt of a misconduct ticket and being placed in segregation. In *Orebaugh v. Caspari*, the Eighth Circuit Court of Appeals stated that:

> While a prisoner can state a claim of retaliation by alleging that disciplinary actions were based upon false allegations, no claim can be stated when the alleged retaliation

4

>arose from discipline imparted for acts that a prisoner was not entitled to perform. Any other rule would allow a prisoner to openly flout prison rules after filing a grievance and then bring a claim under § 1983 arguing that prison officials discipline him in retaliation for his filing a grievance.

910 F.2d 526, 528 (8th Cir. 1990) (per curium).  The Court therefore dismisses Plaintiff's retaliation claim.

### B.     Qualified Immunity

Since the Court finds that Plaintiff has in fact stated claims upon which relief may be granted, the next step in the analysis is whether Defendant is shielded by qualified immunity. Though Defendant asserts she is entitled to qualified immunity in her Motion, (Def.'s Mot. for Summ. J. at 12), the Report and Recommendation does not address the issue.  The Supreme Court has held that rulings on qualified immunity "should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." *Saucier v. Katz*, 533 U.S. 194 (2001).  Deciding the issue of qualified immunity takes precedence because, "[t]he plaintiff must plead facts which, if true, describe a violation of a clearly established statutory or constitutional right of which a reasonable public official, under an objective standard, would have known.  The failure to so plead precludes a plaintiff from proceeding further, *even from engaging in discovery*." *Dominique v. Telb*, 831 F.2d 673, 676 (6th Cir. 1987) (emphasis added).

Qualified immunity shields officials or employees of the Michigan Department of Corrections "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  As such, there is a two-part test to determine whether a public official is entitled to qualified immunity: (1) whether the facts alleged, when viewed in the light most favorable to the party asserting injury, show that Defendant's conduct

violated a constitutional right; and (2) whether the denied constitutional right was clearly established at the time of the alleged violation, so that a reasonable official would understand that the conduct at issue violated that right. *Crockett v. Cumberland College,* 316 F.3d 571 (6th Cir. 2003). If both parts of this test are answered in the affirmative, Defendant is not entitled to qualified immunity.

Viewing the facts alleged by Plaintiff in this instance in the light most favorable to her, it is clear that a constitutional right may have been violated. A reasonable official would understand that arranging for other inmates to physically assault Plaintiff violated Plaintiff's rights. *See Marsh v. Arn*, 937 F.2d at 1056. Defendant is accordingly not shielded by qualified immunity in the present instance. Plaintiff should be allowed the opportunity to support her claims with evidence gathered during discovery.

### C.     **Summary Judgment**

Finding qualified immunity is not a defense in this instance, the Court now turns to the merits of granting summary judgment in Defendant's favor. The Court finds that summary judgment is premature at this juncture in the proceedings. Plaintiff has not had an opportunity to conduct discovery – discovery that may in fact demonstrate a genuine issue of material fact. The Court docket reflects that a scheduling order has never been entered. Moreover, the Magistrate Judge granted Defendant's Motion to Hold Scheduling Conference in Abeyance on March 21, 2005. Thus it is incorrect for the Magistrate Judge to state, "discovery is now closed," and that "summary judgment is appropriate given that Plaintiff has failed to offer any evidence to support her claims against Defendant." (Rep. and Recommendation at 8.) Plaintiff has never been afforded the opportunity to conduct discovery. It is therefore premature for the Court to grant a summary judgment motion when qualified immunity does not shield Defendant.

6

In her Objection, Plaintiff asks the Court to subpoena witnesses on her behalf in an effort to demonstrate a genuine issue of material fact. While acknowledging Plaintiff's *pro se* status, the Court must note that it is not the function of district courts to conduct discovery on behalf of litigants in this manner.

Accordingly,

IT IS ORDERED that Magistrate Judge Mona K. Majzoub's Report and Recommendation **[Docket No. 27, filed March 27, 2005]** is REJECTED as this Court's findings and conclusions of law.[1]

IT IS FURTHER ORDERED that Plaintiff's Objection to the Report and Recommendation **[Docket No. 28, filed April 4, 2005]** is DENIED as moot.

IT IS FURTHER ORDERED that Defendant's Motion for Dismissal and/or for Summary Judgment **[Docket No. 24, filed January 31, 2005]** is DENIED.

        /s/ Denise Page Hood  
DENISE PAGE HOOD  
UNITED STATES DISTRICT JUDGE

DATED:  September 2, 2005

---

[1] All non-dispositive pretrial proceedings have already been referred to Magistrate Judge Mona K. Majzoub, per order dated November 5, 2003.