**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROSEMARY WILLIAMS,

    Plaintiff,

                                     Case No. 03-CV-73682-DT

v.

                                     HONORABLE DENISE PAGE HOOD

CORRECTIONAL OFFICER PRINCE,

    Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**
***SUA SPONTE* RECONSIDERING THE SEPTEMBER 2, 2005**
**MEMORANDUM OPINION AND ORDER UNDER FED. R. CIV. P. 60(A),**
**SETTING ASIDE SEPTEMBER 2, 2005 MEMORANDUM OPINION AND ORDER,**
**ACCEPTING MARCH 21, 2005 REPORT AND RECOMMENDATION**
**AND**
**DISMISSING CASE WITH PREJUDICE**

**I.    INTRODUCTION**

On September 2, 2005, the Court issued a Memorandum Opinion and Order rejecting the Magistrate Judge's Report and Recommendation. Rule 60(a) of the Rules of Civil Procedure allows the Court to reconsider an order at any time of its own initiative for clerical mistakes or oversight. Fed. R. Civ. P. 60(a).

In its September 2, 2005 Order, the Court noted that Plaintiff "has not had an opportunity to conduct discovery" and that the Magistrate Judge's statement in the Report and Recommendation that "discovery is now closed" was incorrect. (9/2/05 Order, p. 6) Since the issuance of the Order, it has been brought to the Court's attention that the Magistrate Judge in fact issued a Scheduling Order allowing Plaintiff to conduct discovery. The Magistrate Judge issued a November 29, 2004

Scheduling Order setting a Discovery Cutoff for March 1, 2005. (Docket No. 30, Entry Date September 21, 2005) At the time of the entry of the Court's September 20, 2005 Order, the docket did not reflect the Scheduling Order entered by the Magistrate Judge. Although signed by the Magistrate Judge and served on the parties, the Scheduling Order was not placed on the Docket. On September 21, 2005, the November 29, 2004 Scheduling Order was placed on the docket. The Court finds the inadvertent failure to place the Scheduling Order on the docket was a clerical error. Because the Court's ruling was based on the mistaken belief that there was no order entered by the Magistrate Judge regarding discovery and Plaintiff was not given an opportunity to conduct discovery, the Court reconsiders its September 2, 2005 Order under Rule 60(a).

## II.    STATEMENT OF FACTS

Plaintiff Rosemary Williams filed the instant *pro se* civil rights complaint alleging violations of her constitutional rights, pursuant to 42 U.S.C. § 1983. Defendant Prince is a Correctional Officer working at the Scott Correctional Facility ("SCF") in Plymouth, Michigan. Plaintiff is housed at the SCF, and she seeks monetary damages as well as declaratory and injunctive relief.

On June 9, 2004, this Court entered an Opinion and Order of Partial Dismissal and Order Directing Service Upon the Remaining Defendant. In the June 9, 2004 Order, the Court held as follows: (1) Plaintiff's request for the expungement of her major misconduct tickets from her prison file and the restoration of her disciplinary credits can only be brought in a petition for writ of habeas corpus; (2) Plaintiff failed to state a claim against all of the original Defendants who had been served with the Complaint; (3) ordered Plaintiff to serve Defendant Prince with the Complaint; and (4) dismissed the remaining Defendants.

Plaintiff alleges Defendant Prince has repeatedly harassed and intimidated her both mentally

and physically. Plaintiff further alleges that Defendant Prince arranged for other inmates to physically assault Plaintiff. Based on these allegations, Plaintiff filed a grievance against Defendant Prince. Plaintiff alleges she received major misconduct tickets as retaliation for her grievance.

Magistrate Judge Mona K. Majzoub issued a March 27, 2005 Report and Recommendation on Defendant's Motion for Summary Judgment. Plaintiff filed an Objection on April 4, 2005. The Magistrate Judge concluded that Plaintiff has not demonstrated any genuine issues of material fact with respect to her Complaint, and recommended that this Court grant Defendant's Motion for Summary Judgment. For the reasons set forth below, the Court accepts the Magistrate Judge's Report and Recommendation.

### III.    STANDARD OF REVIEW

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

In order to have preserved her right to appeal the Magistrate Judge's recommendation, Plaintiff was obligated to file objections to the Report and Recommendation within ten days of service of a copy, as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections may constitute a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IV.     APPLICABLE LAW AND ANALYSIS**

In recommending Plaintiff's Eighth Amendment claims be dismissed, the Magistrate Judge concluded no genuine issues remain as to Defendant's alleged involvement in planning an assault by other inmates against Plaintiff.  (Rep. and Recommendation at 6–7.)  Addressing Plaintiff's conspiracy claim, the Magistrate Judge concluded that Plaintiff has not offered evidence other than her own conclusory statements in support thereof.  (Id. at 9.)  With respect to Plaintiff's retaliation claim, the Magistrate Judge recommended that it too be dismissed for the lack of a genuine issue of material fact.  (Id. at 10.)

Defendant's Motion is one for dismissal for failure to state a claim or, in the alternative, summary judgment.  Defendant also moves for dismissal based on qualified immunity.

**A.     Failure to State a Claim**

The Court addresses the failure to state a claim aspect of Defendant's Motion first. In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in the light most favorable to the Plaintiff, accept all of the complaint's factual allegations as true, and determine whether the Plaintiff undoubtedly can prove no set of facts in support of her claims that would entitle him to relief.  *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001).

Plaintiff asserts three claims in her Complaint: (1) cruel and unusual punishment; (2) conspiracy; and (3) retaliation.  The Eighth Amendment prohibits the wanton infliction of pain and guards against intolerable prison confinement.  *Whitely v. Albers*, 475 U.S. 312, 327 (1986).  In addition, the Eighth Amendment condemns behavior that is "barbarous" or contravening of society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 345 (1981).  In instances

where assault is alleged, a plaintiff must establish actual knowledge on the part of the defendant of a specific threat of harm, or participation in the injurious activity. *Marsh v. Arn*, 937 F.2d 1056 (6th Cir. 1991). It is clear in this instance that Plaintiff alleges sufficient facts to make out an Eighth Amendment claim. Accepting all of Plaintiff's factual allegations as true creates a viable cruel and unusual punishment clause violation.

Examining Plaintiff's conspiracy claim leads to the same result. While vague and conclusory allegations of conspiracy without specific facts are insufficient to state a claim for conspiracy, *see Vaden v. Vill. of Maywood*, 809 F.2d 361, 366 (7th Cir. 1987), Plaintiff has alleged enough to survive a motion to dismiss. The alleged meeting between Defendant and Plaintiff's two assailants, and the statements allegedly made by Defendant to those individuals, if proven, demonstrate the propriety of Plaintiff's conspiracy claim.

Finally, Plaintiff asserts Defendant retaliated against her because Plaintiff complained of Defendant's abusive language and behavior towards other prisoners. Retaliation claimants must show the following three elements: (1) the plaintiff was engaged in protected conduct; (2) an adverse action was taken against her; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Assuming Plaintiff engaged in protected conduct, she fails to set forth an adequate adverse action. The Michigan Department of Corrections found Plaintiff guilty of fighting, thereby justifying Plaintiff's receipt of a misconduct ticket and being placed in segregation. In *Orebaugh v. Caspari*, the Eighth Circuit Court of Appeals stated that:

> While a prisoner can state a claim of retaliation by alleging that disciplinary actions were based upon false allegations, no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform. Any other rule would allow a prisoner to openly flout prison rules after filing a

>grievance and then bring a claim under § 1983 arguing that prison officials discipline him in retaliation for his filing a grievance.

910 F.2d 526, 528 (8th Cir. 1990) (per curium). The Court therefore dismisses Plaintiff's retaliation claim.

### B.      Qualified Immunity

Since the Court finds that Plaintiff has in fact stated claims upon which relief may be granted, the next step in the analysis is whether Defendant is shielded by qualified immunity. Though Defendant asserts she is entitled to qualified immunity in her Motion, (Def.'s Mot. for Summ. J. at 12), the Report and Recommendation does not address the issue. The Supreme Court has held that rulings on qualified immunity "should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." *Saucier v. Katz*, 533 U.S. 194 (2001). Deciding the issue of qualified immunity takes precedence because, "[t]he plaintiff must plead facts which, if true, describe a violation of a clearly established statutory or constitutional right of which a reasonable public official, under an objective standard, would have known. The failure to so plead precludes a plaintiff from proceeding further, *even from engaging in discovery*." *Dominique v. Telb*, 831 F.2d 673, 676 (6th Cir. 1987) (emphasis added).

Qualified immunity shields officials or employees of the Michigan Department of Corrections "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). As such, there is a two-part test to determine whether a public official is entitled to qualified immunity: (1) whether the facts alleged, when viewed in the light most favorable to the party asserting injury, show that Defendant's conduct violated a constitutional right; and (2) whether the denied constitutional right was clearly established

at the time of the alleged violation, so that a reasonable official would understand that the conduct at issue violated that right. *Crockett v. Cumberland College,* 316 F.3d 571 (6th Cir. 2003). If no constitutional right would have been violated, there is no necessity for further inquiries concerning qualified immunity. *Saucier,* 533 U.S. at 201.

As to Plaintiff's Eighth Amendment claim that Defendant arranged for someone to assault Plaintiff, the Sixth Circuit has found that arranging for other inmates to physically assault another inmate is a clearly established constitutional right. *See Marsh v. Arn*, 937 F.2d at 1056. However, Plaintiff has failed to create a genuine issue of material fact that Defendant Prince arranged to have another inmate assault Plaintiff. The Magistrate Judge properly concluded in the Report and Recommendation that, at the time the Report and Recommendation was issued, "discovery is now closed," and that "summary judgment is appropriate given that Plaintiff has failed to offer any evidence to support her claims against Defendant." (Rep. and Recommendation at 8.) Plaintiff failed to submit any evidence to rebut Defendant Prince's affidavit denying the allegation of having "arranged for anyone to do anything to inmate Williams." (Rep. and Recommendation at 6) Plaintiff's conclusory statement that Defendant arranged for the assault does not raise a genuine issue of material fact. The Court agrees with the Magistrate Judge that Plaintiff failed to show that Defendant arranged for someone to assault Plaintiff.

As to Plaintiff's conspiracy claim, the Court agrees with the Magistrate Judge that Plaintiff failed to submit any evidence to show that there existed a § 1983 conspiracy between Defendant and others to violate Plaintiff's constitutional rights. Plaintiff's conclusory statements without factual support at the summary judgment phase cannot create a genuine issue of material fact. Defendant Prince's Motion for Summary Judgment must be granted.

In her Objection, Plaintiff asks the Court to subpoena witnesses on her behalf in an effort to demonstrate a genuine issue of material fact. While acknowledging Plaintiff's *pro se* status, the Court must note that it is not the function of the Court to conduct discovery on behalf of litigants in this manner. Plaintiff was given the opportunity to proceed with discovery under the Rules of Procedure based on the Scheduling Order issued by the Magistrate Judge dated November 19, 2004.

V.   **CONCLUSION**

For the reasons set forth above, the Court reconsiders its September 2, 2005 Memorandum Opinion and Order, sets aside the September 2, 2005 Memorandum Opinion and Order, accepts the Magistrate Judge's Report and Recommendation, grants Defendant's Motion for Summary Judgment and dismisses the action with prejudice.

Accordingly,

IT IS ORDERED that the Court's September 2, 2005 Memorandum Opinion and Order is SET ASIDE.

IT IS FURTHER ORDERED that Magistrate Judge Mona K. Majzoub's Report and Recommendation **[Docket No. 27, filed March 27, 2005]** is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Defendant's Motion for Dismissal and/or for Summary Judgment **[Docket No. 24, filed January 31, 2005]** is GRANTED for the reasons set forth above.

IT IS FURTHER ORDERED that Defendant's Motion to Take Deposition from Rosemary Williams **[Docket No. 35, filed September 26, 2005)** is MOOT.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.

      /s/ Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATED: October 25, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 25, 2005, by electronic and/or ordinary mail.

      s/William F. Lewis
Case Manager